IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NAIM I. AYAT,

    Plaintiff,

  v.

SOCIETE AIR FRANCE, et al.,

    Defendants.

No. C 06-01574 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND TO STRIKE**

Now before the Court is the motion to dismiss and to strike filed by defendant Goodrich Corporation ("Goodrich"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for April 13, 2007 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby grants Goodrich's motion.

**BACKGROUND**

Plaintiff Naim I. Ayat ("Ayat") filed this action against defendants Goodrich and Société Air France arising from Ayat's alleged injuries sustained when Air France Flight 358 crashed off the end of a runway at Pearson International Airport in Canada. (Amend. Compl., ¶ 1.) Ayat was a passenger on Flight 358. (*Id*., ¶ 10.) Ayat alleges that Goodrich designed and manufactured the airplane involved in the crash. (*Id*., ¶ 19.) As a result, Ayat asserts claims for strict liability, breach of warranty, negligence, and punitive damages against Goodrich. (*Id*., ¶¶ 17-35.) Goodrich moves to dismiss the breach of warranty claim and claim for punitive

1  damages and moves to strike the prayer for punitive damages pursuant to Federal Rule of Civil
2  Procedure 12(b)(6) and 12(f).

## ANALYSIS

### A.    Applicable Legal Standards.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint may be dismissed for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause

2

1 the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient

2 to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F.

3 Supp. at 1028.

**B.  Goodrich's Motion to Dismiss and to Strike.**

   **1.  Breach of Warranty Claim.**

Goodrich moves to dismiss Ayat's claim for breach of warranty based on his failure to allege privity. "As a general rule, privity of contract is a required element of [a] ... breach of warranty cause of action." *Fieldstone Co. v. Briggs Plumbing Products, Inc.*, 54 Cal. App. 4th 357, 369 (1997) (citing *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695 (1954) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale."). There are several exceptions to the privity requirement, including "cases involving foodstuffs" or in cases in which "the purchaser relied on representations made by the manufacturer in labels or advertising material." *Burr*, 42 Cal.2d at 696. Thus, to state a claim for breach of express or implied warranty, a plaintiff must allege privity or one of the recognized exceptions to the general rule. *Margarita Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 580 (N.D. Cal. 1999) (dismissing warranty claim based on plaintiff's failure to allege privity or a recognized exception).

Ayat's reliance on *LeBlanc Nutritions, Inc. v. Advanced Nutra LLC*, 2005 WL 1398538 (E.D. Cal. 2005), for the proposition that a plaintiff need not allege privity to state a claim for breach of warranty is misplaced. In *Le Blanc*, the district court denied the motion to dismiss because it found that the plaintiff set forth facts in its complaint sufficient to allege privity. *Id*., 2005 WL 1398538, *5. Thus, the court did not hold that privity was not a required element of a breach of warranty claim.

In the instant action, Ayat does not contend that he has alleged facts which, if true, would demonstrate privity or a recognized exception to the general rule. Nor, upon review of Ayat's amended complaint, did the Court find any facts alleged to satisfy this requirement. Accordingly, the Court grants Goodrich's motion as to this claim. As a passenger on a flight, as

3

1 opposed to being an alleged purchaser of any of Goodrich's products, it does not appear likely
2 that Ayat could allege facts sufficient to satisfy the privity requirement or a recognized
3 exception. Nevertheless, the Court will dismiss this claim with leave to amend.

### 2. Punitive Damages Claim.

Next, Goodrich moves to dismiss Ayat's claim for punitive damages on the grounds that there is no cause of action for punitive damages under California law. *Hilliard v. A. H. Robins Co.*, 148 Cal. App. 3d 374, 391 (1983). "Punitive damages are merely incident to a cause of action, and can never constitute the basis thereof." *Gold v. Los Angeles Democratic League,* 49 Cal. App. 3d 365, 373 fn. 3 (1975) (citations omitted).

Here, Ayat asserts a separate claim for punitive damages in his complaint. Because there is no cause of action for punitive damages under California law, the Court grants Goodrich's motion to dismiss as to Ayat's punitive damages claim.

Goodrich also moves to strike Ayat's prayer for punitive damages because Ayat failed to allege punitive damages under the corporate employer standard. Because "[c]orporations are legal entities which do not have minds capable of recklessness, wickedness, or intent to injure or deceive[, a]n award of punitive damages against a corporation therefore must rest on the malice of the corporation's employees." *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000). Moreover, corporations are only liable for punitive damages if the corporate leaders acted with the requisite intent. *Id*. ("the punitive damage statute requires proof of malice among corporate leaders: the 'officer[s], director[s], or managing agent[s].'"(citing Cal. Civ. Code § 3294(b)). Without allegations of such conduct, courts have striken requests for punitive damages. *Scannel v. County of Riverside*, 152 Cal. App. 3d 596, 614 (1984) (striking allegations pertaining to punitive damages where plaintiff failed to plead that acts of the defendant corporation were done with knowledge or under the express ratification of an officer, director or managing agent of the corporation); *see also Xerox Corp. v. Far Western Graphics, Inc.*, 2004 WL 2271587, *2 (N.D. Cal. Oct. 6, 2004) (striking request for punitive damages based on plaintiff's failure to allege any conduct by defendant corporation's officer, director or managing agent).

4

Ayat did not allege any acts committed by Goodrich's employees, let alone any by its officers, directors or managing agents. Accordingly, the Court grants Goodrich's motion to strike Ayat's prayer for punitive damages. The Court's ruling as to punitive damages is without prejudice to Ayat amending his complaint to state a claim with supporting allegations upon which punitive damages may be awarded.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Goodrich's motion to dismiss and to strike, with leave to amend. Ayat shall have until May 11, 2007 to file a second amended complaint in compliance with this order. Failure to amend shall result in the operative complaint being the one on file, subject to the Court's orders.

**IT IS SO ORDERED.**

Dated: April 11, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE