United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIM I. AYAT,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIÈTÈ AIR FRANCE, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 06-1574 JSW (JL)<br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

On January 24, 2007, Defendant Société Air France ("Air France") brought a motion for a protective order regarding liability discovery pursuant to Federal Rule of Civil Procedure 26(c)(4). (Docket # 42). The motion was heard on February 28, 2007. Chung-Han Lee of HOLLAND & KNIGHT LLP appeared on behalf of Air France, and Michael McGrory of NOLAN LAW GROUP appeared on behalf of Plaintiff, Naim I. Ayat ("Ayat"). On March 15, 2007, this Court issued an order denying the motion. (Docket # 69). For the following reasons, this Court will *sua sponte* reconsider the motion. Ayat is ordered to show cause why this Court's order denying Air France's motion for a protective order regarding liability discovery should not be rescinded in light of Air France's amended answer to Ayat's complaint, filed on March 29, 2007. (Docket # 71).

## II. BACKGROUND

All discovery in this case has been referred by the district court (Hon. Jeffrey S. White) as provided by 28 U.S.C. section 636(b) and Civil Local Rule 72. The close of fact discovery is January 20, 2008. A jury trial is set for October 6, 2008.

Plaintiff, Naim I. Ayat, was a passenger aboard Air France Flight 358 from Paris, France to Toronto, Canada on August 2, 2005. Air France is the air carrier that operated Flight 358. Upon landing at Toronto's Pearson International Airport, the aircraft overran the runway and crashed into a ravine.

Ayat filed his complaint on February 28, 2006, seeking compensatory damages arising from his injuries. The parties agree that this action arises and Ayat's claims are governed by the Montreal Convention[1]. The Montreal Convention governs actions against commercial air carriers for injuries sustained in the course of international air travel.

On May 22, 2006, Air France answered Ayat's complaint and asserted eighteen affirmative defenses, including defenses under Articles 20 and Article 21(2) of the Montreal Convention. (Docket # 9).

On October 17, 2006, Air France provided Ayat with a proposed stipulation in which Air France agreed to withdraw its Article 21(2) defense. Ayat rejected the proposed stipulation, but suggested additional terms. Air France rejected Ayat's additional terms.

On January 8, 2007, without leave of court, Ayat amended his complaint, naming as an additional defendant Goodrich Corporation. (Docket # 38). On February 20, 2007, Goodrich Corporation filed a motion to dismiss for failure to state a claim and motion to strike. (Docket # 55).

On January 24, 2007, Air France brought a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(4). (Docket # 42). Air France asked this Court to adopt its waiver of its fifth, sixth, eleventh and fourteenth affirmative defenses, including its

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air concluded at Montreal, Canada, May 28, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av.L.Rep. 27,400-59, 1999 WL 33292734) (hereinafter "the Montreal Convention").

Articles 20 and 21(2) liability defenses under the Montreal Convention, but at the same time bar Ayat from engaging in liability discovery.  The motion was heard on February 28, 2007.  On March 15, 2007, this Court issued an order denying Air France's motion for a protective order regarding liability discovery.  (Docket # 69).  This Court found that pursuant to Federal Rule of Civil Procedure 26(b)(1), which permits discovery in civil actions of any matter, not privileged, that is relevant to the claim or defense of any party, Ayat was entitled to liability discovery.  Further, this Court found that under Federal Rule of Civil Procedure 26(c), which governs the issuance of protective orders, Air France had not met its burden of establishing that good cause existed to limit the discovery.

On March 29, 2007, Air France filed objections to the March 15, 2007 order. (Docket #72).  Simultaneously, on March 29, 2007, Air France filed an answer to Ayat's amended complaint for damages.  (Docket # 71).  Air France's amended answer asserts only three affirmative defenses, all of which pertain solely to damages.  In addition, Air France's amended answer does not contest liability for the crash in any regard.  Air France relinquished fifteen of its eighteen previously asserted affirmative defenses.

On April 11, 2007, Judge White issued an order granting defendant Goodrich Corporation's motion to dismiss Ayat's breach of warranty and punitive damages claims. (Docket # 75).  Ayat's remaining claims against Goodrich are for strict liability and negligence.

## III. RECONSIDERATION

 "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir.2001) (*Internal citations omitted*).  Further, under Federal Rule of Civil Procedure 54(b), a district court has discretion to revise an order prior to entry of final judgment: "[A]ny order which ... adjudicates fewer than all the claims or rights or liabilities of fewer than all the parties ... is subject to revision at any time before the

1  entry of [final] judgment." Fed.R.Civ.P. 54(b); *Walker v. Carnival Cruise Lines*, 107 F.Supp.
2  2d 1135, 1137 (N.D.Cal.2000).
3  In light of Air France's amended answer to Ayat's complaint, this Court will *sua*
4  *sponte* reconsider Air France's motion for a protective order regarding liability discovery.
5  Therefore, Ayat is ordered to show cause why this Court's order denying Air France's
6  motion for a protective order regarding liability discovery should not be rescinded, in light of
7  Air France's amended answer to Ayat's complaint.

## IV. CONCLUSION

Ayat is hereby ordered to show cause why this Court's March 15, 2007, order denying Air France's motion for a protective order regarding liability discovery should not be rescinded in light of Air France's amended answer to Ayat's complaint. Ayat shall brief this issue within ten days of the filing of this order. Air France shall have ten days to respond and the matter will be deemed submitted.

IT IS SO ORDERED.

DATED: April 16, 2007

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\06-1574\06-1574-ORD-SuaSponte-ShowCause.wpd