United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NAIM I. AYAT,

    Plaintiff,

  v.

SOCIETE AIR FRANCE, et al.,

    Defendants.

No. C 06-01574 JSW

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**

Now before the Court is the motion to strike filed by defendant Goodrich Corporation ("Goodrich"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for June 29, 2007 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby denies Goodrich's motion.

## BACKGROUND

Plaintiff Naim I. Ayat ("Ayat") filed this action against defendants Goodrich and Société Air France arising from Ayat's alleged injuries sustained when Air France Flight 358 crashed off the end of a runway at Pearson International Airport in Canada. (Second Amended Compl. ("SAC"), ¶ 1.) Ayat was a passenger on Flight 358. (*Id.*, ¶ 10.) Ayat alleges that Goodrich designed and manufactured the airplane involved in the crash. (*Id.*, ¶ 28.) As a result, Ayat asserts claims for strict liability and negligence, as well as a claim entitled "reckless misconduct" against Goodrich. Goodrich now moves to strike the request for punitive damages under Ayat's reckless misconduct claim pursuant to Federal Rule of Civil Procedure 12(f).

**ANALYSIS**

**A.     Applicable Legal Standards.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

**B.     Goodrich's Motion to Strike.**

Goodrich argues that Ayat's prayer for punitive damages should be stricken because Ayat failed to allege any facts which would entitle him to recover punitive damages under the corporate employer standard. (Mot. at 4.) Because "[c]orporations are legal entities which do not have minds capable of recklessness, wickedness, or intent to injure or deceive[, a]n award of punitive damages against a corporation therefore must rest on the malice of the corporation's employees." *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000). Moreover, corporations are only liable for punitive damages if the corporate leaders acted with the requisite intent. *Id*. ("the punitive damage statute requires proof of malice among corporate leaders: the 'officer[s], director[s], or managing agent[s].'"(citing Cal. Civ. Code § 3294(b)). Without allegations of such conduct, courts have stricken requests for punitive damages. *Scannel v. County of Riverside*, 152 Cal. App. 3d 596, 614 (1984) (striking allegations pertaining to punitive damages where plaintiff failed to plead that acts of the defendant corporation were done with

2

1 knowledge or under the express ratification of an officer, director or managing agent of the
2 corporation); *see also Xerox Corp. v. Far Western Graphics, Inc.*, 2004 WL 2271587, *2 (N.D.
3 Cal. Oct. 6, 2004) (striking request for punitive damages based on plaintiff's failure to allege
4 any conduct by defendant corporation's officer, director or managing agent).

The Court initially struck Ayat's request for punitive damages because he did not allege any acts committed by Goodrich's employees, let alone any by its officers, directors or managing agents. However, with the Court's leave, Ayat filed an amended complaint. Upon review of the SAC, the Court finds that Ayat sufficiently alleges specific acts that Goodrich committed through its officers, directors and/or managing agents and that such acts were reckless and with willful and conscious disregard for the flying public. (SAC, ¶ 28.) Accordingly, the Court denies Goodrich's motion to strike.

## CONCLUSION

For the foregoing reasons, the Court DENIES Goodrich's motion to strike.

**IT IS SO ORDERED.**

Dated: June 27, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3