United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10
11  NAIM I. AYAT,                            No. C 06-1574 JSW (JL)
12          Plaintiff,                       ORDER
13       v.
14  SOCIETE AIR FRANCE, ET AL.,
15          Defendants.
16  _____/

All discovery in this case has been referred by the district court (Hon. Jeffrey S. White) as provided by 28 U.S.C. section 636(b) and Civil Local Rule 72. The close of fact discovery is January 20, 2008. A jury trial is set for October 6, 2008.

Plaintiff, Naim I. Ayat, was a passenger aboard Air France Flight 358 from Paris, France to Toronto, Canada on August 2, 2005. Air France is the air carrier that operated Flight 358. Upon landing at Toronto's Pearson International Airport, the aircraft overran the runway and crashed into a ravine.

Ayat filed his complaint on February 28, 2006, seeking compensatory damages arising from his injuries. The parties agree that this action arises and Ayat's claims are governed by the Montreal Convention. The Montreal Convention governs actions against commercial air carriers for injuries sustained in the course of international air travel.

On March 15, 2007, this Court issued an order denying Defendants' motion for a protective order that Ayat not take discovery on the issue of liability (Docket # 69), on the grounds that Defendants asserted affirmative defenses to liability and that therefore such discovery was relevant to those defenses. On March 29, 2007, Air France filed objections to the March 15, 2007 order.(Docket #72). Simultaneously, on March 29, 2007, Air France filed an answer to Ayat's amended complaint for damages. (Docket # 71). Air France's amended answer asserts only three affirmative defenses, all of which pertain solely to damages. In addition, Air France's amended answer does not contest liability for the crash in any regard. Air France relinquished fifteen of its eighteen previously asserted affirmative defenses. On April 11, 2007, Judge White issued an order granting defendant Goodrich Corporation's motion to dismiss Ayat's breach of warranty and punitive damages claims. (Docket # 75). Ayat's remaining claims against Goodrich are for strict liability and negligence.

Pursuant to Rule 26(b)1), Federal Rules of Civil Procedure, a party is entitled to discovery of any relevant non-privileged material. Relevance is defined as reasonable calculated to lead to the discovery of admissible evidence of a claim or defense of a party. Since Defendants no longer assert any affirmative defense to liability, discovery into this subject is no longer relevant.

Accordingly, it is hereby ordered that this Court's previous order denying Defendants' motion for protective order is rescinded, the motion for protective order is granted, and Plaintiff is precluded from taking discovery into the issue of liability, since this is not relevant to any claims or defenses of any party.

IT IS SO ORDERED.

DATED: January 8, 2008

_____
JAMES LARSON
Chief Magistrate Judge