**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10
11   NAIM I. AYAT,                          No. C 06-1574 JSW (JL)
12              Plaintiff,                   **ORDER**
13        v.
14   SOCIETE AIR FRANCE, ET AL.,
15              Defendants.
     _____/
16
17        All discovery in this case has been referred to this Court by the district court (Hon.
18   Jeffrey S. White) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. This Court
19   received Defendant Goodrich's individual statement regarding a discovery dispute (Docket
20   # 154), filed March 28, 2008. The discovery cut-off in this case is April 4 (January 9, 2008
21   order by Hon. Jeffrey S. White at Docket # 111, Ex. F to Goodrich Statement).
22        This Court on January 28, 2008, ordered Plaintiff Naim Ayat to respond to
23   Goodrich's Special Interrogatories and Requests for Production of Documents "in full and
24   without objection . . . within five days of the issuance of this order." (Docket # 123, Ex. A to
25   Goodrich Statement). Ayat filed an Emergency Motion for Protective Order, which this
26   Court denied on February 5. (Docket # 135, Ex. C to Goodrich Statement).
27
28

**United States District Court**
For the Northern District of California

1    Ayat served responses on February 27, 2008. Goodrich contends that these

2    responses cannot be complete and in compliance with this Court's order because Ayat

3    produced no documents or answers containing privileged information. Goodrich contends

4    that, for example, in Request for Production of Documents Number 14, it asked for "all

5    documents regarding the incident," meaning the plane crash which Ayat contends caused

6    his injuries. However, Ayat produced only the Report of the Canadian Transportation Safety

7    Board in response. Goodrich is skeptical that Ayat has produced all documents responsive

8    to this request, privileged and non-privileged. Surely Ayat corresponded with his attorney

9    about the incident, yet he produces no letters. Goodrich contends that other requests which

10   would encompass privileged documents include, but are not limited to:1, 15, 16, 17, 20, 22,

11   24, 25, 26, 28, 35, 36, 53, 54, 58, 65, 66, 67, and 68.

12   Goodrich has communicated with Ayat's new counsel, Charlie Cochran of Hinton,

13   Cochran, Borba & Beckwith LLP, regarding the deficiencies of Ayat's reponses to

14   Goodrich's discovery requests. Mr. Cochran asked for a two-week extension, but never

15   agreed to produce privileged documents. (Ex. E to Goodrich statement - e-mail

16   correspondence). Because the parties have been unable to reach an agreement, Goodrich

17   seeks an order compelling Ayat to produce all documents responsive to Goodrich's

18   Requests for Production, irrespective of privilege or any other objection, within five days of

19   the Court's order. In the alterative, Goodrich seeks leave to file a motion to compel Ayat to

20   produce all documents which are responsive to Goodrich's Requests for Production.

21                                  **Conclusion and Order**

22   This Court denies leave to file a new motion regarding the same discovery requests,

23   because the Court has already issued its order on these requests. However, if Ayat has

24   failed to comply with this Court's order, then he may be subject to sanctions, pursuant to

25   Rule 37, Federal Rules of Civil Procedure. These sanctions may begin with monetary

26   awards against Ayat or his counsel or both, and then escalate to exclusion of evidence and

27   preclusion of issues at trial. The Court grants permission for Goodrich to file a motion for

28   sanctions, should Ayat not immediately comply with this Court's previous order.

IT IS SO ORDERED.

DATED: April 4,  2008

_____
JAMES LARSON
Chief Magistrate Judge